UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALCOLM M. BLACKWELL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 13-CV-0757-CVE-FHM |
| ) | |
| TULSA DISTRICT COURTHOUSE, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

On November 20, 2013, Malcolm M. Blackwell filed a complaint (Dkt. # 2) alleging that his constitutional rights were violated in divorce proceedings in state court. Plaintiff has filed a 75 page complaint and supporting documents alleging numerous violations of state and federal law. He is challenging the validity of a divorce decree and related contempt citation that were entered by the state court, and he is asking this Court to set aside the divorce decree.[1] He is also requesting leave to proceed in forma pauperis in this Court. Dkt. # 4. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

---

[1] The documents attached to the complaint include an "international letter rogatory" explaining that plaintiff is a person of Moorish descent and not a member of "THE ROMAN CULT," a "memorandum of authority" stating that plaintiff is a "FLESH AND BLOOD HUMAN BEING," a purported copy of a treaty between the United States and Morocco, a proposed order dissolving plaintiff's marriage and resolving matters of child custody and support, and an "affidavit of presumptions" contesting the factual and legal findings of the state court. Dkt. # 2.

This is not the first time that plaintiff has challenged his divorce proceedings and contempt citation in federal court. Plaintiff made two unsuccessful attempts to remove his divorce case to federal court in 2011, and each time the case was remanded for lack of subject matter jurisdiction. Sherri D. Blackwell v. Malcolm M. Blackwell, 11-CV-328-TCK-PJC (N.D. Okla.); Sherri D. Blackwell v. Malcolm M. Blackwell, 11-CV-477-CVE-TLW (N.D. Okla.). In May 2013, plaintiff filed a lawsuit against the presiding judge in the divorce case, Rodney B. Sparkman, his ex-wife, Sherri D. Blackwell, and other defendants. The case was dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, because plaintiff was challenging the validity of a final state court judgment and his claims could be raised only in an appeal to a state appellate court. Malcolm M. Blackwell v. Judge Rodney B. Sparkman et al., 13-CV-260-GKF-FHM (N.D. Okla. May 3, 2013), Dkt. # 13. In this case, plaintiff has named the Tulsa County Courthouse as a defendant and he again challenges the validity of the divorce decree and contempt citation issued by the state court.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter

jurisdiction exists, even if the parties have not raised the issue.  The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court lacks subject matter jurisdiction over this case for at least two reasons.[2]  First, this case falls squarely within the domestic relations exception to federal jurisdiction.  "It is well-established that federal courts lack jurisdiction over 'the whole subject of the domestic relations of husband and wife . . .'" Hunt v. Lamb, 427 F.3d 725 (10th Cir. 2005).  Family relations are traditionally a matter of state law and federal courts do not have jurisdiction to resolve substantive family law issues.  United States v. Bigford, 365 F.3d 859 (10th Cir. 2004).  It is apparent that plaintiff is asking this Court to dissolve his marriage and resolve issues concerning child custody and support, because he has attached a proposed order in which he requests this relief.  Plaintiff is challenging the validity of the divorce decree and certain procedural aspects of his divorce proceedings, but these types of claims are not exempt from the domestic relations exception to federal jurisdiction.  Although plaintiff was held in contempt by the state court, this contempt citation was issued for his failure to comply with court orders in the divorce proceedings and he has not shown that the contempt proceedings were separate from the divorce proceedings.  Plaintiff's case directly concerns the "issuance of a divorce, alimony, or child custody decree," and he may not

---

[2] The Court also notes that the only defendant named in plaintiff's complaint is a building -- the "Tulsa District Courthouse," and it is unlikely that plaintiff could state a claim for alleged violations of his constitutional rights against this defendant.  However, the Court clearly lacks subject matter jurisdiction over the case and it is unnecessary to resolve this issue.

litigate these issues in federal court. Johnson v. Rodrigues (Orozco), 226 F.3d 1103, 1112 (10th Cir. 2000).

Even if the case did not fall within the domestic relations exception, plaintiff is asking this Court to vacate a state court judgment and this relief can be granted only by a state appellate court. "The Rooker-Feldman doctrine bars 'a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" Kiowa Indian Tribe of Oklahoma v. Hoover, 150 F.3d 1163, 1169 (10th Cir. 1998). To determine if the Rooker-Feldman doctrine applies, a district court should "focus on whether the lower federal court, if it adjudicated plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." Merill Lynch Business Financial Servs., Inc. v. Nudell, 363 F.3d 1072, 1074-75 (10th Cir. 2004). Plaintiff clearly alleges that the state court entered a final judgment against him in the divorce proceedings and that the contempt order he challenges was part of the divorce proceedings. Dkt. # 2, at 14. Plaintiff expressly asks the Court to void the divorce decree and dissolve the marriage under terms more favorable to him. Id. at 38-40. This is a direct challenge to the validity of a state court judgment and the Court would be acting as an appellate court if it heard plaintiff's constitutional claims, and the Court lacks subject matter jurisdiction over this case.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion in Forma Pauperis (Dkt. # 4), Motion for Temporary Restraining (Dkt. # 5), Motion for Injunctive Relief (Dkt. # 6), Motion for Marshal Delivery of Summons (Dkt. # 7), and Motion for Notice to Show Cause (Dkt. # 8) are **moot**.

**DATED** this 26th day of November, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE